IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00235-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER FASSIH,

        Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 60 DAYS
FROM THE SPEEDY TRIAL ACT**
_____

        Mr. Christopher Fassih, by and through undersigned counsel, Natalie Stricklin, moves this Court for an Order excluding 60 days from the Speedy Trial Act computations, and in support thereof, states:

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

        On July 15, 2021, an indictment was filed against Mr. Fassih charging 10 counts of making threats by means of explosives in violation of 18 U.S.C. § 844(e) and 2 counts of possession of images in violation of 18 U.S.C. § 2252A. Mr. Fassih was originally charged by a criminal complaint dated July 7, 2021.

        On July 16, 2021, Mr. Fassih was arraigned on the indictment and entered pleas of not guilty to the charged counts. A deadline to file pre-trial motions was set for July 30, 2021. This motion requests the exclusion of 60 days under the Speedy Trial Act.

        Undersigned counsel has not yet received an initial batch of discovery. That discovery is expected to be disclosed by July 30, 2021, the same date as the motions

filing deadline.  The government informed defense counsel that the initial disclosure is comprised of approximately of 300 pages of written reports. However, defense counsel will need to make arrangements with law enforcement to view the content of Mr. Fassih's cell phone.

## LAW REGARDING REQUESTS FOR CONTINUANCES

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(I).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the Speedy Trial Act.  *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

## **ARGUMENT**

Defense counsel's request for a continuance satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

Defense counsel has reviewed the complaint and consulted with the government regarding the anticipated initial discovery disclosure. Counsel will need to review the discovery before fully advising her client on the facts and circumstances of the case against him.

From review of the complaint and several meetings with her client, counsel believes that Mr. Fassih suffers from mental health issues dating back several years. For example, the complaint states that Mr. Fassih informed law enforcement that he was an assassin for the international mafia and was turning himself in to the police in order to be detained at the ADX facility in Florence so that the mafia could not reach him. Mr. Fassih explained that he had made several bomb threats to police departments around the country and downloaded images for the sole purpose of ensuring that he would be taken into custody.

Further, in preparation for the detention hearing, counsel reviewed a report of an interview with Mr. Fassih's mother which indicates that he has been diagnosed with some sort of psychosis and recently believed that the international mafia was after him. Counsel has also learned that Mr. Fassih has been hospitalized for mental health related issues in various hospitals throughout the country within the last few months.

Counsel believes additional investigation is necessary to determine what role Mr. Fassih's mental health plays in the alleged offenses, in how to proceed with the case, and what treatment may be necessary moving forward. Counsel is in the process of interviewing individuals aware of Mr. Fassih's mental health deterioration in recent years and collecting records. Counsel needs to further assess whether an expert is necessary to assist her in understanding the nature of Mr. Fassih's mental health and/or competency to proceed. Counsel also believes that additional time is necessary to ensure that she has sufficiently communicated with Mr. Fassih as to the circumstances of his case and thoroughly examined the mental health concerns raised both in the complaint and at the detention hearing.

Defense counsel has conferred with Assistant U.S. Attorney Andrea Surratt who is aware of these issues and does not oppose this motion.

Examining the factors articulated in *United States v. West*, defense counsel notes this motion is being filed sufficiently prior to trial and within the deadline set by this Court. It is impossible for counsel to proceed within the current speedy trial time-frame as discovery has not yet been reviewed, witnesses need to be interviewed, and the role of Mr. Fassih's mental health examined. The need for the continuance – effective

representation– outweighs any harm to government witnesses, as the government does not oppose this request.  Therefore, the *West* factors have been satisfied.

If a continuance is not granted, a miscarriage of justice would result, and defense counsel will be denied the reasonable time necessary for effective representation and preparation.  Granting the continuance will give counsel the additional time needed.  At this time, the defense believes that 60 days will be sufficient time to complete these tasks.  Counsel explained the contents of this motion to Mr. Fassih who, though reluctantly, agrees with the requested continuance.

          Respectfully submitted,

          VIRGINIA L. GRADY
          Federal Public Defender


          s/Natalie Stricklin
          NATALIE STRICKLIN
          Assistant Federal Public Defender
          633 17th Street, Suite 1000
          Denver, CO  80202
          Telephone:  (303) 294-7002
          FAX:  (303) 294-1192
          natalie.stricklin@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2021, I electronically filed the foregoing ***Defendant's Unopposed Motion to Exclude 60 Days from the Speedy Trial Act*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

    Andrea Surratt, Assistant United States Attorney
    Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Christopher Fassih  (via U.S. mail)

                           s/Natalie Stricklin
                           NATALIE STRICKLIN
                           Assistant Federal Public Defender
                           633 17th Street, Suite 1000
                           Denver, CO  80202
                           Telephone:  (303) 294-7002
                           FAX:  (303) 294-1192
                           natalie.stricklin@fd.org