IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00235-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CHRISTOPHER FASSIH,

    Defendant.

## ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT

On November 10, 2021, this matter came before the Court for a hearing under 18 U.S.C. §§ 4241 and 4247(d) for a determination of the defendant's competency. [ECF #30]. The hearing in this matter followed an unopposed motion for a competency evaluation filed by the defendant on August 30, 2021. [ECF #21]. At the November 10, 2021 hearing, the parties asked this Court to rely on the forensic evaluation of Dr. Jessica Minoco, Psy.D., filed under restriction on October 22, 2021 (the "Forensic Evaluation"). [ECF #28].

The Court has considered the relevant facts, including and especially the Forensic Evaluation of Dr. Minoco, and finds as follows, pursuant to 18 U.S.C. § 4142(d):

    1.    Pursuant to the order for competency evaluation and 18 U.S.C. § 4247(b), Dr. Jessica Minoco, Phy.D, a forensic psychologist, conducted a psychological competency evaluation of the defendant. Dr. Minoco's Forensic Evaluation includes the

information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. §§ 4247(c)(1)-(4).  The Court relies on and incorporate the findings, diagnoses, and opinions of Dr. Minoco.

  2. Within the meaning of 18 U.S.C. § 4241(a), the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  He is therefore not presently competent to proceed.

  3. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility, as defined in 18 U.S.C. § 4247(a)(2), to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

  4. Pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (4), the period of delay resulting from these ongoing competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

  THEREFORE, IT IS ORDERED:

  1. That the defendant, CHRISOPHER FASSIH, is declared incompetent to proceed;

  2. That pursuant to and subject to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period, not to exceed four

months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward; and

3.     That pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

Dated November 17, 2021, at Denver, Colorado.

BY THE COURT:

_____
HON. R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE