IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-235-RBJ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    CHRISTOPHER FASSIH,

     Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, CHRISTOPHER FASSIH, personally and by counsel, Natalie Stricklin, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 844(e) (bomb hoax); and

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

COURT
EXHIBIT
1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend that the defendant be sentenced to time served plus three years of supervised release, with mental health monitoring and treatment and other special conditions as deemed appropriate by the Probation Office. The government further agrees to move to dismiss Counts 2-11 of the Indictment with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction,18 U.S.C. § 844(e).

(2)    the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 12; or

(3)    the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)    the defendant was deprived of the effective assistance of counsel; or

(3)    the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D. Abandonment of property:**

The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the Federal Bureau of Investigation, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty or other crimes.  The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that the FBI may dispose of the property without further obligations.  The specific property includes: a black and gray ZTE Android phone and an external hard drive that were seized from FASSIH on or about July 6, 2021.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Count One are as follows:

1)    The defendant, through the use of mail, telephone, telegraph, or other instrument of interstate or foreign commerce;

2)    Willfully made a threat

   a.  to kill, injure, or intimidate any individual;

      b.  or unlawfully to damage or destroy any building, vehicle, or other real or personal property;

3)    By means of fire or an explosive

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Indictment are: not more than 10 years' imprisonment; a maximum term of supervised release of three years; a maximum fine of $250,000, or both; and a $100 mandatory victim's fund assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

As relevant to Count One, on or about July 5, 2021, the defendant, from Colorado, used a telephone to call the Washington, D.C., Metro Police Department and stated, in sum and substance: "I'm going to blow up the station if you don't give me money in the next 30 minutes." The police station was canvassed, and no explosive was located. The defendant admits that he made this threat, which was to unlawfully damage or destroy a building by means of an explosive, intending that the recipient of the threat believe that the defendant was, in fact, going to cause the threatened harm. The police officers in Washington, D.C., who received this threat considered it to be an actual threat, and by canvassing for explosives, in fact treated it as an actual threat.

Also on July 5, 2021, while the defendant was in Colorado, the defendant used a telephone to call additional police stations in Washington, D.C., Boston, Massachusetts, Cleveland, Ohio, and Miami, Florida, and make bomb threats. Specifically, when the defendant called these additional locations, he stated in sum and substance, that the police station was surrounded by explosives that he was going to detonate. The defendant made nine threats in total (including the threat in Count One). As to each, he intended that his words be taken as a threat of harm and, as to each, the recipient of the threat considered the defendant's words to convey an actual threat. Also as to each, the police station was canvassed and no explosives were located.

When the defendant was arrested on or about July 6, 2021, he had in his

possession a black and gray ZTE Android phone and an external hard drive. The defendant admits that these items were used in furtherance of the count of conviction or other criminal activity.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under U.S.S.G. § 2A6.1, the base offense level for Count One is 12.

b) Because the offense involved more than two threats, two levels are added pursuant to § 2A1.6(b)(2)(A).

c) The adjusted offense level is 14.

d) Because the defendant has accepted responsibility, two levels are subtracted pursuant to U.S.S.G. § 3E1.1(a).

e)   The resulting total offense level is 12.

f)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category I.

g)   The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)   The advisory guideline range resulting from these calculations is 10-16 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i)   Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 7-20-2022

Christopher Fassih
Defendant

Date: 7/20/22

Natalie Strickland
Attorney for Defendant

Date: 7/20/22

Andrea Surratt
Assistant U.S. Attorney