IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00235-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHRISTOPHER FASSIH,

       Defendant.

_____

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**
_____

The defendant, Mr. Christopher Fassih, by and through undersigned counsel, Natalie Stricklin, hereby responds to the Presentence Investigation Report (PSIR) (Doc. No. 45) as follows:

**OBJECTIONS TO SUPERVISED RELEASE CONDITIONS**

<u>Special Condition 4</u>: Mr. Fassih objects to the special condition of supervised release detailed in paragraph four. Specifically, Mr. Fassih is objecting to the condition requiring him to participate in a sex-offense specific treatment program. This condition is not reasonably related to the factors enumerated in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d) and, therefore, involves a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing for the instant offense.

While district courts have broad discretion to prescribe special conditions of release, this discretion is not without limits. These special conditions must satisfy three statutory requirements laid out in 18 U.S.C. § 3583(d). First, they must be reasonably related to at least one of the following: the nature and circumstances of the instant

1

offense, the defendant's history and characteristics, the deterrence of criminal conduct, protecting the public, and the defendant's educational, vocational, medical, or other correctional needs.  Second, they must involve no greater deprivation of liberty than necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting rehabilitation of the defendant.  Third, they must follow any pertinent policy statements issued by the Sentencing Commission.  *See United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012).

Here, the special condition requiring participation in sex offender treatment suggested by probation is based on the circumstances described in dismissed Counts 11-12.  To start, Mr. Fassih has never been nor is he here convicted of a sex offense. Here, Mr. Fassih took a screenshot of several images of child pornography with the distinct purpose of showing those screenshots to law enforcement as a way to ensure that he would be arrested and taken into custody.  Mr. Fassih's motivation in securing his own arrest was to escape the international mafia.  All of Mr. Fassih's conduct in dismissed Counts 11-12 was driven by mental illness: delusions that the only way to escape the mafia was to be imprisoned in the Bureau of Prisons Administrative Maximum Facility located in Florence, Colorado.  Throughout Mr. Fassih's arrest, detention, competency evaluations, and law enforcement's follow-up investigation, all involved believed that Mr. Fassih took a screenshot of those images so that he would be arrested.  At no point in time did the government, competency evaluators, or law enforcement determine or believe that Mr. Fassih was or is a sex offender.

In *United States v. Dougan*, the 10th Circuit recognized a district court's ability to impose special sex offender related conditions of supervised release even where the

crime of conviction is not a sex crime. *Id*. at 1036. The 10th Circuit went further, however, by noting that, in such a case, the court would require a stronger nexus between a defendant's history and characteristics and the sex offender related conditions before concluding that they were reasonably related. *Id*. This is especially so where the special conditions of release implicate significant liberty interests, such as some of the conditions imposed in sex offender treatment. *Id*. To support a nexus between Mr. Fassih's history and characteristics and the sex offender related conditions, the probation department points to (1) hospitalization records from when Mr. Fassih was 17 years old where was he described as having issues with sexual boundaries and (2) a referral to sex therapy from 2015. These two examples – without any specific support – are not the type of "strong" nexus that the 10th Circuit envisioned. Mr. Fassih's mental health records from his Fort Collins hospitalization immediately following his arrest in this case, and from GEO, FDC, and Butner where he underwent competency restoration, do not include any concerns that Mr. Fassih is a sex offender. It is clear that Mr. Fassih's mental health needs are in maintaining medication to treat delusional symptomology. On probation/supervised release, Mr. Fassih needs to focus on addressing those concerns as opposed to being placed in sex offender treatment. Sex offender treatment is incredibly time consuming and focused entirely on sex offender management. Placing Mr. Fassih in this programming will take enormous amounts of time and detract from the mental health therapy that he needs to address his delusions which are not rooted in anything related to sex.

      Requiring sex offender treatment here, where there is no reason to think Mr. Fassih poses a risk to the public as a sex offender, is too great a deprivation of liberty

under the *Dougan* factors.  Any risk to the public posed by Mr. Fassih derives from untreated mental illness which manifests itself in delusions wholly unrelated to sex. That is the risk that must be mitigated here.  That risk is mitigated through special conditions 1 and 2 which Mr. Fassih has no objection to.

Prior to the filing of this objection, undersigned counsel conferred with the government.  Assistant United States Attorney Andrea Surratt informed counsel that she too does not think that special condition 4 is appropriate under the specific circumstances in this case.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/Natalie Stricklin
        NATALIE STRICKLIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        natalie.stricklin@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I electronically filed the foregoing **OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Andrea L. Surratt, Assistant United States Attorney
E-mail:  andrea.surratt@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Christopher Fassih (via U.S. mail

s/Natalie Stricklin
NATALIE STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie.stricklin@fd.org
Attorney for Defendant